UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. PARKER,<br><br>                   Plaintiff,<br><br>v.<br><br>VINCE DEQUITO, JONATHAN BECERRA, and CARRIE HOGAN,<br><br>                  Defendants. | Case No.: 20cv661-LL-JLB<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[ECF No. 58]** |

This matter is before the Court on the Motion of Plaintiff Robert L. Parker to Alter or Amend the Court's Amended Order Granting Defendants' Motion for Summary Judgment. ECF No. 58. The California Attorney General filed an opposition to Plaintiff's Motion [ECF No. 59] on behalf of Defendants Becerra, Dequito, and Hogan, and Plaintiff filed a reply in support of his Motion [ECF No. 60]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court finds that Plaintiff's Motion presents neither newly discovered evidence nor an intervening change in law, and articulates no manifest injustice or manifest error in this Court's prior judgment. Accordingly, Plaintiff's Motion is **DENIED**.

## I.     BACKGROUND

Plaintiff originally filed this case on April 6, 2020, bringing civil rights claims against current or former members of the San Diego State University Police Department, arising from an incident at the San Diego State University Aztec Recreation Center ("ARC") on March 4, 2019. *See* ECF No. 1. After the Court granted a joint motion by the parties to dismiss certain defendants and causes of action, the remaining claims against Defendants Becerra, Dequito, and Hogan were federal claims under 42 U.S.C. § 1983 for unlawful detention, arrest without probable cause, and false imprisonment in violation of the Fourth Amendment, and state claims for negligence, violation of the Bane Act, and for equitable relief. *See* ECF Nos. 1, 7.

The Court originally granted Defendants' Motion for Summary Judgment on March 28, 2022 [ECF No. 47], and the clerk issued a judgment that same day [ECF No. 48]. Plaintiff subsequently moved to amend or correct the Court's order [ECF No. 49], and the Court vacated its prior order and reopened the case [ECF No. 53]. On June 10, 2022, the Court issued an amended order granting summary judgment against Plaintiff [ECF No. 56], and the Clerk issued judgment in accordance with that order [ECF No. 57]. Specifically, the Court found that, based on the undisputed material facts on the record, that: (1) Plaintiff could not show that his initial detention was not supported by reasonable suspicion or was longer than necessary because he was detained as necessary to determine his identity and gather basic facts [ECF No. 56 at 14]; (2) Defendants were entitled to qualified immunity on Plaintiff's unlawful arrest claim because it was not clearly established that police may not arrest a person under California Penal Code section 148(a)(1) for refusal to identify themselves [*id.* at 20]; and that (3) Plaintiff's claim for false imprisonment was not cognizable because his unlawful detention and arrest claims failed [*id.* at 21]. The Court declined to exercise supplemental jurisdiction on Plaintiff's state claims after granting summary judgment on his federal claims. *Id.* at 23.

Plaintiff's instant Motion contends that the Court incorrectly stated that Plaintiff's declaration was unsigned, improperly discussed an accusation that Plaintiff was under the

1  influence of alcohol, improperly presumed a specific chronological order of events, and

2  disputes the Court's characterization of the facts and filings before the Court on

3  Defendants' motion for summary judgment. *See* ECF No. 58.

## II.   LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to have the court amend its judgment within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).[1] A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell*, 197 F.3d at 1255 n.1 (internal citation omitted). But amending a judgment after its entry remains "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation and quotation marks omitted).

---

[1] Additionally, the Civil Local Rules provide that any party moving for reconsideration "present to the judge . . . an affidavit . . . setting forth . . . what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1.i.1.

### III.   DISCUSSION

Plaintiff's Motion[2] neither asserts that there has been an intervening change in the controlling law nor that there is newly discovered or previously unavailable evidence. Instead, Plaintiff asserts that the Court's understanding of the facts and application of legal standards is incorrect. Although there is no precise definition for what constitutes manifest error or manifest injustice that would justify relief under a Rule 59(e) motion, the Ninth Circuit looks to the clear error standard as instructive. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) ("A Rule 59(e) motion may be granted if . . . the district court committed clear error or made an initial decision that was manifestly unjust[.]"); *see also Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (explaining that courts routinely look to the "clearly erroneous" standard invoked in the law of the case doctrine to inform their analysis of manifest or clear error in Rule 59(e) motions). Under the clear error standard, it is insufficient to show "'mere doubts or disagreement about the wisdom of a prior decision.'" *Teamsters Local 617*, 282 F.R.D. at 231 (quoting *Campion v. Old Republic Home Prot. Co.*, No. 09-cv-748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, at *5 (S.D. Cal. May 20, 2011)). The error must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Id.* (internal citation and quotation omitted).

Plaintiff makes a number of arguments regarding the Court's prior findings in ruling on summary judgment in this case. Namely, Plaintiff argues that: (1) the Court's discussion of Plaintiff's alleged alcohol use and chronology of events is prejudicial to Plaintiff; (2)

---

[2] Although Plaintiff's Motion was timely filed within twenty-eight days after the entry of the Court's order and judgment, the Motion is procedurally faulty for failure to include an affidavit setting forth what new or different facts and circumstances are claimed to exist which did not exist or were not shown at the time of this Court's prior amended order granting Defendants' motion for summary judgment, as required by the Civil Local Rules. *See* S.D. Cal. CivLR 7.1.i.1. Nevertheless, the Court considers the arguments presented.

there are material disputes about the chronology as presented; (3) the Court incorrectly found that there were reasonable grounds for Hogan to detain Plaintiff; (4) the Court incorrectly applied the qualified immunity doctrine; and (5) the Court failed to consider Plaintiff's primary argument for denying the reopening of discovery.

The Court's amended order granting summary judgment to Defendants found that the undisputed material facts supported that there was reasonable and articulable suspicion to support Plaintiff's temporary detention for the purpose of verifying or dispelling that suspicion. *See United States v. Woods*, 720 F.2d 1022, 1026 (9th Cir. 1983) (citing *Florida v. Royer*, 460 U.S. 491, 498 (1983)). Namely, that Plaintiff left the ARC after being involved in an altercation, returned to the ARC, and approached Defendant Hogan, who had responded to an alarm activated by ARC staff and informed Plaintiff that she was investigating a reported altercation. These undisputed facts do not rely on the presumed chronology which Plaintiff imputes to the Court's reasoning, and the Plaintiff may not re-hash arguments that were previously raised in his opposition to the motion for summary judgment—and were considered by the Court—on a motion brought under 59(e). *See Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Plaintiff's assertion that the Court erred in finding that Defendants were entitled to qualified immunity on Plaintiff's unlawful arrest claim is similarly unavailing. Although the Court determined that the undisputed material facts did not support a finding that there was probable cause for Plaintiff's arrest under section 148(a)(1) of the California Penal Code, the question of whether Defendants were entitled to qualified immunity "rests on different legal footing than the determination of the existence of probable cause to effect an arrest." *Alexander v. Cnty. of Los Angeles*, 64 F.3d 1315, 1322 (9th Cir. 1995). "Officers are entitled to qualified immunity even if they acted unconstitutionally, as long as a reasonable officer could have believed the conduct lawful." *Id.* Additionally, where a Defendant affirmatively asserts qualified immunity as a defense, "[i]t is the plaintiff who 'bears the burden of showing that the rights allegedly violated were clearly established'" *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (citing *LSO, Ltd. v.*

*Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000)) (internal quotations omitted). "If that burden is satisfied, the defendant must prove that his conduct was 'reasonable.'" *LSO, Ltd.*, 205 F.3d at 1157 (citing *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1285 (9th Cir. 1994)). The Court's prior order considered Plaintiff's argument that he need not identify any clearly established law to rebut Defendants' assertion of qualified immunity [*see* ECF No. 32 at 41-43] and found that qualified immunity barred Plaintiff's claims because he failed to carry his burden to identify clearly established law that was violated by the Defendants' actions [ECF No. 56 at 20].

Plaintiff also seeks to relitigate his argument that discovery should be re-opened, which the Court denied on the basis that Plaintiff was not diligent in seeking discovery despite awareness of the video sought, access to Defendants' expert before the close of discovery, and opportunity to file a noticed motion to modify the scheduling order in this case to allow additional time for discovery. *See* ECF Nos. 56 at 24; 58 at 8. As articulated elsewhere in this Order, a Rule 59(e) motion may not be used to relitigate issues, and Plaintiff has not provided any basis for revisiting the Court's ruling except to express his disagreement with the Court's reasoning.

Finally, the Court notes that although Plaintiff correctly notes that the Court's prior order incorrectly stated that Plaintiff's declaration was unsigned [ECF No. 56 at 16 n.7], such error was harmless and provides no basis for amendment of the judgment because the Court nevertheless gave sufficient weight to Plaintiff's statements by stating that "the Court will not rely on Plaintiff's failure to sign this particular declaration because there is no indication he would not make his factual assertions under oath" [*id.*]. *See* Fed. R. Civ. P. 61 ("[T]he court must disregard all errors and defects that do not affect any party's substantial rights."). Similarly, the Court's citation to Plaintiff's own allegations about Defendants' statements, regarding whether Plaintiff was under the influence of alcohol, did not alter this Court's analysis and the issue is therefore moot. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("an issue is moot when deciding it would have no effect within the confines of the case itself").

Plaintiff has not asserted that there is any newly discovered or previously unavailable evidence, an intervening change in controlling case law, or alleged any grounds for finding that this Court's prior order granting summary judgment to Defendants was manifestly unjust or relied on manifest errors of fact or law that would justify amendment or alteration of the Court's judgment in this case. Therefore, the Court has no basis to grant the instant Motion.

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Alter or Amend the Court's Amended Order Granting Defendants' Motion for Summary Judgment. ECF No. 58.

**IT IS SO ORDERED**.

Dated:  November 15, 2022

Honorable Linda Lopez
United States District Judge